UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAFERSE MCCOWEN,<br><br>                            Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, a government agency, and ELI SISNEROS, in his employment and individual capacities,<br><br>                            Defendants. | Case No.: 20cv2498-CAB-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Doc. No. 18]** |

On January 14, 2021, Robert Wilkie, Secretary of the Department of Veterans Affairs, filed a motion to dismiss Plaintiff's complaint. [Doc. No. 18.] On January 29, 2021, Plaintiff Cleaferse McCowen filed an opposition. [Doc. No. 19.] On February 9, 2021, Secretary Wilkie filed a reply. [Doc. No. 20.] The Court deems the motion suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, the motion is **GRANTED**.

ALLEGATIONS OF COMPLAINT

On October 11, 2019, Plaintiff was a Maintenance Mechanic Leader employed by the Department of Veterans Affairs. [Complaint, Doc. No. 1, Ex. 1 at p. 2.] Plaintiff alleges he was subjected to a hostile work environment based on race, age and physical

disability. *Id.* at 4. Due to alleged harassment by his supervisor, Plaintiff claims his working conditions became so intolerable that he had no choice but to retire. *Id.* at 6. Plaintiff filed an EEO complaint, which was dismissed on January 29, 2020. *Id.* at 2. Plaintiff then filed an appeal with the Merit System Protection Board ("MSPB"). *Id.* In a decision that became final on July 20, 2020, the MSPB rejected Plaintiff's claims, ruling that his allegations "do not, either individually or collectively, meet the 'demanding legal standard' required for a constructive discharge claim." *Id.* at 7. The MSPB decision informed Plaintiff of his appeal rights, including his right to file suit in federal court within thirty (30) days. *Id.* at 14.

On July 30, 2020, Plaintiff filed a Complaint in the Central District of California against the Department of Veterans Affairs and his former supervisor. [Doc. No. 1.] The Complaint contains various federal and state law claims of discrimination, as well as a claim for negligent infliction of emotional distress under California law. *Id.* Plaintiff served his Complaint on November 9, 2020. [Doc. No. 10.] Thereafter, the case was transferred to the Southern District of California. [Doc. Nos. 15, 16.]

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. v. New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733

(9th Cir. 1979) ). Plaintiff, as the party seeking to invoke jurisdiction, has the burden of establishing that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*citing Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

A.  Plaintiff Failed to Sue the Proper Party.

The proper defendant in an employment discrimination case under either Title VII or the ADEA is the head of the employee's agency. *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986). In this case, that individual is the Secretary of the Department of Veterans Affairs, who has not been named as a defendant. Instead, Plaintiff has named the Department of Veterans Affairs and Eli Sisneros, his former supervisor. In his opposition to the motion to dismiss, Plaintiff appears to concede that he cannot sue his former supervisor under Title VII [Doc. No. 19 at 7:17-21] and acknowledges that his attempt to sue the agency is a "misnaming error" [Doc. No. 19 at 7:22-25]. Instead,

Plaintiff asserts that he "is entitled to receive a grant to amend the Complaint." [Doc. No. 19 at 10:12-13.]  However, as set forth below, leave to amend would be futile.

B. Leave to Amend Would be Futile.

A claimant challenging an MSPB decision has 30 days to bring a civil action in district court.  5 U.S.C. §7703(b)(2).  Here, Plaintiff did file the Complaint within 30 days of the MSPB decision, but he did not sue the proper party.  Under current Ninth Circuit law, if the wrong defendant is sued in the original complaint, the statute of limitations cannot be tolled unless the complaint is amended to name the proper defendant <u>and</u> it satisfies the relation back requirements of Rule 15(c).  *Romain v. Shear*, 799 F.2d 1416, 1418-19 (9th Cir. 1986) (holding Title VII claims were barred because plaintiff failed to sue the Secretary within 30 days and noting the defect "could not be remedied by a Rule 15 amendment" because no "government official or entity was served within the thirty-day period").  Here, the relation-back requirements cannot be met because the thirty-day period expired on August 19, 2020 and Plaintiff did not serve any "government official or entity" until November 9, 2020. [Doc. No. 10.]  Therefore, leave to amend would be futile.[1]

C. Title VII Preempts Plaintiff's State Law Claims.

Finally, all of Plaintiff's state law and common law claims are preempted because Title VII is the exclusive remedy for claims of discrimination arising out of federal employment. *See Brown v. GSA*, 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (stating that Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination"); *Scott v. Perry*, 569 F.2d 1064, 1065 (9th Cir.1978) (same). The same holds true for Plaintiff's claim of negligent infliction of emotional distress.  *Sommatino v. United* States, 255 F.3d 704, 711 (9th Cir.

---

[1] Plaintiff's request for equitable tolling because his counsel was "unaware of any 30-day requirement to serve or add the Secretary" [Doc. No. 19 at 10:3-4], is not a basis for relief.  *See Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003)("[O]rdinary attorney negligence will not justify equitable tolling.")

2001) (holding Title VII preempts Federal Tort Claims Act ("FTCA") claims and "provides the exclusive remedy for federal employees seeking to redress employment discrimination"). While Title VII does not preclude separate remedies for unconstitutional acts or for "highly personal violation[s] beyond the meaning of 'discrimination.' " *Otto v. Heckler*, 781 F.2d 754, 757 (9th Cir.1986) (citing *Stewart v. Thomas*, 538 F.Supp. 891, 896 (D.D.C.1982)), Plaintiff's allegations that his supervisor treated him in a rude, derogatory and unprofessional manner do not rise to the level of a "highly personal violation." *Id. See Wilson v. United States Dep't of Veterans Affairs*, No. CV 10-2648 PA (AJWx), 2001 WL 13213944, 3 (C.D. Cal. Mar. 21, 2011)(finding plaintiff's intentional infliction of emotional distress claim resulting from an alleged hostile work environment preempted by Title VII). Therefore, Plaintiff does not state an FTCA claim.[2]

## CONCLUSION

For the reasons set forth above, the motion to dismiss the Complaint is **GRANTED WITH PREJUDICE**. The Clerk shall enter judgment accordingly and **CLOSE** the case.

Dated:  February 26, 2021

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Even if Plaintiff did allege an FTCA claim, it is barred because Plaintiff has not complied with the FTCA's administrative claim requirement. *See* 28 U.S.C. §2675(a); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)("The [administrative] claim requirement of section 2675 is jurisdictional in nature and may not be waived.").