UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAFERSE MCCOWEN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, a government agency, and ELI SISNEROS, in his employment and individual capacities,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20cv2498-CAB-BLM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION/RELIEF FROM JUDGMENT [Doc. No. 21]** |

On February 26, 2021, this Court issued an Order Granting Motion to Dismiss Plaintiff's Complaint [Doc. No. 21], and judgment was entered accordingly [Doc. No. 22]. On March 8, 2021, Plaintiff filed a motion for reconsideration and relief from judgment pursuant to FRCP 60(b). [Doc. No. 23.] On March 19, 2021, Denis McDonough, Secretary for the Department of Veterans Affairs, filed an opposition. [Doc. No. 24.] No reply has been filed.[1] For the reasons set forth below, the motion for reconsideration and relief from judgment pursuant to FRCP 60(b) is **DENIED**.

---

[1] On the notice of motion, Plaintiff set forth a hearing date of April 25, 2021, which is a Sunday. Assuming Plaintiff meant April 26, 2021, then any reply was due by April 19, 2021.  *See* Civ.LR.7.1.e.3.

1

DISCUSSION

Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "(a) district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment …" Posthearing Procedures, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 12-E, §12:158, *quoting Smith v. Massachusetts*, 543 US 462, 475 (2005).  However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 877, 890 (9th Cir. 2000)(internal quotes omitted).

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).  The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief."  Fed. R. Civ. P. 60(b).

Here, Plaintiff argues the court should reconsider the previous order dismissing the case because Plaintiff's failure to name or serve the Secretary within the 30-day period was due to mistakes by "counsel and its staff who was not familiar with the Federal Rules and processes."  [Doc. 23 at 9.]  However, Plaintiff previously set forth the argument that the 30-day statute should be tolled because his counsel was "unaware of any 30-day requirement to serve or add the Secretary." [Doc. No. 19 at 10:3-4.]  As the Court noted, ordinary attorney negligence does not justify equitable tolling.  [Doc. No. 21 at 4, n. 1, *citing Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003)].  Moreover, neither in his opposition to the motion to dismiss, nor in the motion for reconsideration, does Plaintiff

address *Romain v. Shear*, 799 F.2d 1416, 1418-19 (9th Cir. 1986), which holds that when a plaintiff fails to sue the Secretary or serve a government official within 30 days, the case must be dismissed.  That is exactly what happened here, and the Court sees no basis to deviate from controlling Ninth Circuit precedent.  Given that Plaintiff has presented no new facts or other basis for relief, reconsideration is not warranted.

## CONCLUSION

For the reasons set forth above, the motion for reconsideration/relief from judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 20, 2021

Hon. Cathy Ann Bencivengo
United States District Judge